UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN F. PARKER,

    Plaintiff,

vs.

W. B. DONER & COMPANY, INC.,

    Defendant.
_____/

Case No. 2:08-cv-10421
Hon. Sean F. Cox
Magistrate Judge Virginia M. Morgan

| Rudy J. Huizenga (P26718) | L. A. Hynds (P24997) |
| --- | --- |
| HUIZENGA & HERGT, P.C. | Tara E. Mahoney (P68697) |
| 1415 Penobscot Building | HONIGMAN MILLER SCHWARTZ AND COHN LLP |
| Detroit, Michigan 48226 | 2290 First National Building |
| (313) 963-4200 | 660 Woodward Avenue |
| Attorneys for Plaintiff | Detroit, Michigan 48226-3506 |
| | (313) 465-7426 |
| | Attorneys for Defendant |

_____/

## STIPULATED PROTECTIVE ORDER

This matter having come before the Court pursuant to the stipulation of the parties, the Court having read same and otherwise being fully advised in the premises;

IT IS HEREBY ORDERED that:

Documents and information may be supplied by Defendant W. B. Doner & Company, Inc. ("Defendant") to Plaintiff Jean F. Parker ("Plaintiff"), by Plaintiff to Defendant, or by non-parties to Plaintiff and/or Defendant, either voluntarily or pursuant to discovery proceedings, which constitute trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), or which are otherwise

confidential or of a personal nature to employees or former employees of Defendant or to Plaintiff (herein referred to collectively as "confidential material").

Therefore, IT IS HEREBY ORDERED as follows:

1. Plaintiff and Defendant shall designate in writing any document, any portion of any document, any answers to interrogatories, or any transcript or portion thereof, as confidential material. With regard to documents and answers to interrogatories, such designation shall be made at the time that such answers are served upon the other party or at the time that copies of documents are delivered to the other party or documents are made available for the other party's inspection. All transcripts shall be deemed to be confidential for ten (10) business days after their receipt by Plaintiff and Defendant during which time Plaintiff or Defendant may designate confidential portions, if any. The contents of the following shall be treated as confidential material: (a) all personnel documents or information related to any current or former employee of Defendant, other than Plaintiff; and (b) any non-public financial or proprietary information of either Plaintiff or Defendant. All materials designated as confidential material shall be so marked by Plaintiff and/or Defendant.

2. Each person to whom confidential material, or data and information obtained, derived, or generated from confidential material, is disclosed or made available, including experts or consultants retained by Plaintiff or Defendant, shall first be advised by Plaintiff's or Defendant's attorney of the existence and the contents of this Order, and shall be bound by its terms and conditions. No such person shall divulge any confidential material, or any data or information obtained, derived, or generated from confidential material, to any other persons, except as provided herein.

3. Confidential material, or data and information obtained, derived, or generated from confidential material, shall be disclosed only to:

 a. The Court and Court personnel;

 b. Attorneys of record in this action and persons employed in such attorneys' offices;

 c. Plaintiff herself;

 d. Any officer, agent, employee, or former employee of Defendant with whom Defendant's attorneys deem it necessary to disclose such information in the defense of this litigation;

 e. Independent experts such as statisticians, economists, accountants, and medical professionals; and

 f. Witnesses or potential witnesses with whom Plaintiff's and/or Defendant's attorneys deem it necessary to discuss such material in the course of discovery and/or preparation for trial.

4. Confidential material, or data and information obtained, derived, or generated from confidential material, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation, including any appeals, in connection with the above-captioned action. The above restrictions concerning disclosure shall not apply to documents and to other information that has been made available to the public or which is already rightfully in the possession of Plaintiff or Defendant.

5. The parties will endeavor to file any portion of a document which contains confidential material, or data and information obtained, derived, or generated from confidential material, with the Court in the above-captioned action under seal. The portion of the document

to be filed under seal shall be presented by the party seeking to file the document under seal to the court for endorsement accompanied by an explanation of why the portion of the document is confidential.

6. Plaintiff and Defendant will act in good faith in designating material as confidential material.

7. Nothing contained in this Order shall be construed as a waiver by Plaintiff or Defendant of their respective right to object to the subject matter of any discovery request made in this action. This Order shall not be construed as an agreement by Plaintiff or Defendant to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the pending action, is admissible as evidence in this case, or as a waiver of any privilege with respect thereto.

8. Any dispute arising under this Order shall be submitted to the Court for resolution. If Plaintiff and/or Defendant disagree(s) with the designation of any material as confidential material, the material so designated shall nonetheless be deemed to be confidential material, and the party opposing the designation shall be required to file an appropriate motion with the Court. The burden of proof shall be on the party claiming confidentiality.

9. Within thirty (30) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of documents designated as confidential material shall be returned to the parties, together with all documents containing data or information obtained, derived, or generated from such confidential material. In the alternative, the parties may provide either counsel with a certification of counsel that the confidential material has been destroyed. In addition, pursuant to Local Rule 5.3 of the United States District Court for the Eastern District of Michigan, counsel for Plaintiff and Defendant

must request any confidential material filed with the Court be returned and not allow the Court to unseal the documents and place them in the case file.

10. If any confidential material, information, or data obtained, derived, or generated therefrom, is sought through discovery from the parties by any party in any other judicial or administrative proceedings, the parties agree that they will immediately notify each other so as to permit a party to seek a protective order from the appropriate court.

**Dated: May 29, 2008**                                             **s/ Sean F. Cox**
                                                                    **United States District Court Judge**

**APPROVED FOR ENTRY:**

Attorneys for Plaintiff:

 /s/ with consent of Rudy J. Huizenga
Rudy J. Huizenga (P26718)
HUIZENGA & HERGT, P.C.
1415 Penobscot Building
Detroit, Michigan 48226
(313) 963-4200
Dated: May 22, 2008


Attorneys for Defendant:

 /s/ Tara E. Mahoney
L. A. Hynds (P24997)
Tara E. Mahoney (P68697)
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
660 Woodward Avenue
Detroit, Michigan 48226-3506
(313) 465-7426
Dated: May 22, 2008